IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEDRIC JAMAR DEAN, #197053, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:17-CV-688-WKW |
| | ) | |
| KIRKE ADAMS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Dedric Jamar Dean, an inmate with criminal charges currently pending against him before the Dale County District Court for unlawful possession of a controlled substance, possession with intent to distribute a controlled substance and possession of drug paraphernalia, filed the instant petition for habeas relief while confined in the Dale County Jail.[1] Because, at the time of filing, Dean was a pre-trial detainee held on these charges and presented claims relating to these charges, the court construed this habeas petition as one filed under 28 U.S.C. § 2241. In this petition, Dean presents a speedy trial claim under the Sixth Amendment seeking timely disposition of the state criminal charges and a preliminary hearing.[2]

---

[1] Dean is currently incarcerated at the Limestone Correctional Facility, a state prison, due to the revocation of his placement on community corrections.

[2] The state court records filed by the respondents establish that (i) Dean's motion for speedy trial "is to be heard by the Circuit Court [of Dale County] after indictment[,]" Doc. No. 21-2; and (ii) Counsel for Dean waived the preliminary hearing on October 26, 2017, Doc. No. 21-1, and the trial court therefore referred Dean's cases to the grand jury for review.

The respondents filed answers in which they argue that the habeas petition is due to be denied because Dean has not properly exhausted his state court remedies. Doc. No. 15 at 3-5; Doc. No. 21 at 3-6. Specifically, the law allows Dean to seek relief from any orders issued by the trial court regarding scheduling of a preliminary hearing and trial date by filing a petition for writ of mandamus with the Alabama Court of Criminal Appeals. *See Ex parte Anderson*, 979 So.2d 777 (Ala. 2007). If Dean is represented by counsel in the state proceedings, counsel should file the mandamus petition with the appellate court. *Id*. If unsuccessful before the Alabama Court of Criminal Appeals on his preliminary hearing and speedy trial claims, Dean may seek mandamus relief before the Alabama Supreme Court.

Based on the foregoing, the court entered an order affording Dean an opportunity to demonstrate why this habeas petition should not be denied as the claims raised therein are subject to dismissal for his failure to exhaust available state remedies. Doc. No. 22. The time for Dean to file a response to this order expired on December 15, 2017. *Id*. Dean failed to file a response to this order within the time provided by the court.

## II. DISCUSSION

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, … the requirements of § 2254 – including exhaustion of state remedies – apply to" Dean as he challenges the constitutionality of state court actions. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). "'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different

statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. [*Medberry v. Crosby*, 351 F.3d 1049, 1059-1062 (11th Cir. 2003)].  For that reason, even though [Dean] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement[.]" *Dill*, 371 F.3d at 1302-03.

The law directs that this court shall not grant relief on a petition for writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  In order to exhaust his state remedies properly, a petitioner must fairly present the alleged constitutional violations on which he seeks relief throughout the state courts for review, including the State's highest court.  *O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999).  Although a speedy trial claim is reviewable in a federal habeas action, it must be first be exhausted in the state courts. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).  The same is true for a claim alleging lack of a preliminary hearing.

The undisputed evidentiary materials filed in this case, including the relevant state court records, establish that Dean has not yet exhausted his available state court remedies with respect to the preliminary hearing and speedy trial claims presented in this petition for habeas corpus relief.  To circumvent the exhaustion requirement which

applies to a federal habeas action, a petitioner must demonstrate there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect [his] rights."  28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *see Duckworth v. Serrano,* 454 U.S. 1, 3 (1981).  Dean has failed to establish that state court remedies are unavailable or that such remedies are ineffective. Thus, this court does not deem it appropriate to rule on the merits of Dean's claims without requiring that he first exhaust available state remedies.  *See* 28 U.S.C. § 2254(1)(b)(2).

> Furthermore, under principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts [all] available state remedies, unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Younger v. Harris,* 401 U.S. 37, 44–46 & 53–54 (1971); *see Braden,* 410 U.S. at 489; *Hughes v. Att'y Gen. of Fla.,* 377 F.3d 1258, 1263 (11th Cir.2004). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox,* 457 F.2d 764, 764–65 (9th Cir.1972). Absent such exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden,* 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Id*.
>
> [The petitioner] has not alleged facts showing that his prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception. *See Younger,* 401 U.S. at 53–54 (citing *Watson v. Buck,* 313 U.S. 387, 402 (1941) (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances

> exist that would call for equitable relief); *Carden v. Montana,* 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Finally, [as discussed above, the petitioner] fails to show that he has no available state corrective process, and he presents no argument that would warrant federal court interference in the normal functioning of the state's criminal processes. Alabama's state courts have adequate and effective state procedures for review of [the petitioner's] constitutional claims either before trial or, in the event [the petitioner] is convicted, through appellate and post-conviction proceedings.
>
> For the reasons noted above, this court concludes that [the petitioner] has not shown that he should be excused from the exhaustion requirement. He has not shown an absence of available state corrective process or that exceptional circumstances exist that render such process ineffective and that would warrant federal intrusion at this juncture. Accordingly, pretrial habeas interference by this court is not authorized in this case. *See Braden,* 410 U.S. at 493. After exhausting available state remedies, [the petitioner] may pursue federal habeas proceedings.

*Robinson v. Hughes*, Civil Action No. 1:11-CV-841-TMH, 2012 WL 255759, at *2-3 (M.D. Ala. Jan. 5, 2012), Recommendation adopted (Jan. 27, 2012).

In light of the foregoing, the court concludes that Dean must first exhaust his available state court remedies on the claims presented herein prior to seeking habeas relief in this court.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief be DENIED.

2. This case be DISMISSED without prejudice to allow the petitioner an opportunity to exhaust his available state court remedies.

On or before **January 25, 2018**, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 11th day of January, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge